IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEMETRIUS BAILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08-020-SLR ) |
| STREET KNOWLEDGE PUBLISHING, | ) ) ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 12th day of May, 2008,

Plaintiff, Demetrius Bailey ("plaintiff"), Pennsylvania Prison No. CP7819, a pro se litigant who is presently incarcerated, filed this action on January 10, 2008. Plaintiff requested, and was granted, leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 4) In the section of the complaint that asked for a listing of other federal lawsuits filed, plaintiff replied "N/A." (D.I. 2.) It has come to the court's attention that, in the past, plaintiff has filed several federal lawsuits.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in

imminent danger of serious physical injury. A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: Bailey v. Crisanti, C.A. No. 00-4334 (3d Cir. Dec. 6, 2001); Bailey v. Crisanti, Civ. No. 00-1310-DEZ-IJS (W.D. Pa. Nov. 22, 2000); Bailey v. Price, Civ. No. 99-470-DEZ-IJS (W.D. Pa. Dec. 22, 1999). Additionally, as recently as March 13, 2008, the United States District Court for the Eastern District of Pennsylvania denied plaintiff leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(g) on the basis that he had filed at least three civil actions or appeals that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Bailey v. Beard, Civ. No. 07-3723-TON (E.D. Pa. Mar. 13, 2008). Accordingly, plaintiff may not file another civil action without prepayment of fees while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). The complaint does not meet this standard. Rather, it alleges false advertising, theft by deception, and defamation.

IT IS THEREFORE ORDERED as follows:

1. The January 18, 2008 order (D.I. 4) is **vacated**.

2. The plaintiff's motion for leave to proceed without prepayment of fees (D.I. 1) is **denied**.

3. Plaintiff is given thirty (30) days from the date of this order to pay the $350.00 filing fee. If he does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

4. Plaintiff's motion to appoint counsel is **denied** without prejudice. (D.I. 5.)

5. Plaintiff's motion to make service is **denied**. (D.I. 9.)

_____
UNITED STATES DISTRICT JUDGE